Kauff McGuire & Margolis LLP
950 Third Avenue
Fourteenth Floor
New York, New York 10022
(212) 644-1010 (Tel)
(212) 644-1936 (Fax)

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIG NEWTON, INC., <br><br> Plaintiff, <br><br> -against- <br><br> THE BOARDS OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN, AND THE MOTION PICTURE INDUSTRY HEALTH PLAN, <br><br> Defendants. | 13-CIV-7312 (KPF) <br> ECF Case <br><br> **ANSWER TO DEFENDANTS' COUNTERCLAIM** |

Plaintiff PIG NEWTON, INC. ("Plaintiff" or "Pig Newton"), by its attorneys, Kauff McGuire & Margolis LLP, as and for its answer to the Counterclaim asserted against Plaintiff by defendants, the Boards of Directors of the Motion Picture Industry Pension Plan (the "Pension Plan"), the Motion Picture Industry Individual Account Plan (the "Individual Account Plan"), and the Motion Picture Industry Health Plan (the "Heath Plan") (collectively, "Defendants" or the "Plans"), respectfully plead as follows:

## AS AND FOR PLAINTIFF'S ANSWER TO DEFENDANTS' NUMBERED PARAGRAPHS IN THEIR COUNTERCLAIM

1. Plaintiff admits the allegations set forth in paragraph 1.

2. Plaintiff admits the allegations set forth in paragraph 2.

3. Plaintiff admits, upon information and belief, the allegations set forth in paragraph 3.

4. Plaintiff admits, upon information and belief, the allegations concerning the Boards of Directors of the Plans, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 with respect to the location of the principal administration of the Plans.

5. Plaintiff admits, upon information and belief, the allegations set forth in paragraph 5.

6. Plaintiff denies the allegations set forth in paragraph 6, except admits that Plaintiff is and has been engaged in the television production business.

7. Plaintiff admits the allegations set forth in paragraph 7.

8. Plaintiff admits the allegations set forth in paragraph 8.

9. Plaintiff admits the allegations set forth in the first sentence of paragraph 9 and, responding to the allegations set forth in the second sentence of such paragraph, Plaintiff admits to having employed employees in addition to Mr. Szekely who performed editing services.

10. Plaintiff admits the allegations set forth in paragraph 10.

11. Responding to the allegations set forth in paragraph 11, Plaintiff refers the Court to the Agreement of Consent – Limited Production Agreement for Project Titled "Louie" identified in this paragraph for its contents.

12. Responding to the allegations set forth in paragraph 12, Plaintiff refers the Court to the documents identified in this paragraph for their contents.

13. Responding to the allegations set forth in paragraph 13, Plaintiff refers the Court to the Trust Acceptance identified in this paragraph for its contents.

14. Plaintiff denies the allegations set forth in paragraph 14 except admits that Plaintiff and Local 399 of the International Brotherhood of Teamsters became party to a collective bargaining agreement effective on or about June 1, 2011, and otherwise refers the Court to such document.

15. Responding to the allegations set forth in paragraph 15, Plaintiff refers the Court to the documents identified in this paragraph for their contents.

16. Responding to the allegations set forth in paragraph 16, Plaintiff refers the Court to the documents identified in this paragraph for their contents.

17. Responding to the allegations set forth in paragraph 17, Plaintiff refers the Court to the documents identified in this paragraph for their contents.

18. Responding to the allegations set forth in paragraph 18, Plaintiff refers the Court to the documents identified in this paragraph for their contents.

19. Responding to the allegations set forth in paragraph 19, Plaintiff refers the Court to the documents identified in this paragraph for their contents.

20. Responding to the allegations set forth in paragraph 20, Plaintiff refers the Court to the document identified in this paragraph for its contents.

21. Responding to the allegations set forth in paragraph 21, Plaintiff refers the Court to the documents identified in this paragraph for their contents.

22. Responding to the allegations set forth in paragraph 22, Plaintiff admits that Defendants caused an audit of its records relating to contributions made to the Plans, for the period from January 30, 2011 through November 12, 2012, to be conducted. Plaintiff otherwise refers the Court to the document identified in this paragraph for its contents.

23. Responding to the allegations set forth in paragraph 23, Plaintiff refers the Court to the document identified in this paragraph for its contents.

24. Plaintiff admits the allegations set forth in paragraph 24.

25. Responding to the allegations set forth in paragraph 25, Plaintiff refers the Court to the documents identified in this paragraph for their contents.

26. Responding to the allegations set forth in paragraph 26, Plaintiff admits that the amounts demanded for payment have not been paid and otherwise denies the allegations set forth in this paragraph.

27. Plaintiff denies the allegations set forth in paragraph 27.

28. Plaintiff denies the allegations set forth in paragraph 28.

29. Plaintiff denies the allegations set forth in paragraph 29.

30. Responding to the allegations set forth in paragraph 30, Plaintiff refers the Court to the statute and documents identified in this paragraph for their contents.

31. Responding to the allegations set forth in paragraph 31, Plaintiff refers the Court to the statute and documents identified in this paragraph for their contents.

32. Plaintiff incorporates by reference its responses to paragraphs 1 through 31 of the Counterclaim.

33. Plaintiff denies the allegations set forth in paragraph 33.

34. Plaintiff denies that Defendants are entitled to any of the relief requested in the "Wherefore" section of the Counterclaim.

## DEFENSES

The statement of any defense hereinunder by Plaintiff does not assume the burden of proof for any issue as to which applicable law places the burden on Defendants.

### AS AND FOR A FIRST DEFENSE:

The Counterclaim fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE:

Plaintiff is barred from asserting the claims in the Complaint by the doctrine of unclean hands.

### AS AND FOR A THIRD DEFENSE:

The Counterclaim or any relief sought by Defendants is barred, in whole or in part, by such additional defenses as Plaintiff may have that cannot now be articulated due to the fact that discovery has not been completed. Accordingly, Plaintiff reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

## AS AND FOR A FOURTH DEFENSE:

Plaintiff is entitled to a credit on account of its overpayments of contributions to Defendants.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an Order: (a) dismissing the Counterclaim in its entirety with prejudice; (b) awarding Plaintiff its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court deems just and proper.

New York, New York
March 3, 2014

                                  KAUFF MCGUIRE & MARGOLIS LLP

                                  By: _Elizabeth O'Leary_
                                     William Zuckerman
                                     Elizabeth O'Leary

950 Third Avenue, Fourteenth Floor
New York, New York 10022
(212) 644-1010
zuckerman@kmm.com
oleary@kmm.com

Attorneys for Plaintiff