UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIG NEWTON, INC.,

                Plaintiff,

       -against-

THE BOARDS OF DIRECTORS OF THE
MOTION PICTURE INDUSTRY PENSION
PLAN, THE MOTION PICTURE
INDUSTRY INDIVIDUAL ACCOUNT
PLAN, AND THE MOTION PICTURE
INDUSTRY HEALTH PLAN,

                Defendants.

Case No. 13-CIV-7312 (KPF)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR APPLICATION FOR DAMAGES, ATTORNEYS' FEES AND COSTS**

SPIVAK LIPTON LLP
*Attorneys for Defendants*
1700 Broadway, 21st Floor
New York, NY 10019
(212) 765-2100 (Telephone)
(212) 541-5429 (Telecopier)

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ........................................................................................................2

ARGUMENT

I.   THE PLANS' APPLICATION FOR ATTORNEYS' FEES AND COSTS
     SHOULD BE GRANTED IN ITS ENTIRETY ......................................................3

      A.  The Hourly Rates Billed by the Plans' Attorneys Are Reasonable ..............................3

      B.  The Hours Are Reasonable .................................................................7

      C.  The Plans Are Entitled to Fees in Connection with the Fee Request ...........................9

      D.  The Plans' Costs Are Reasonable ........................................................10

II.  THE PLANS ARE ENTITLED TO DAMAGES OF $147,221.50 THROUGH
     MARCH 21, 2015.............................................................................10

CONCLUSION..........................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                         **Page**

Alfano v. CIGNA Life Ins. Co. of N.Y.,
   2009 U.S. Dist. LEXIS 28118 (S.D.N.Y. April 2, 2009)............................................5

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,
   522 F.3d 182 (2d Cir. 2008) ................................................................................3, 4

Arnone v. CA, Inc.,
   2009 U.S. Dist. LEXIS 17080 (S.D.N.Y. Mar. 6, 2009).........................................5

Barnes v. Am. Int'l Life Assurance Co.,
   2010 U.S. Dist. LEXIS 27606 (S.D.N.Y. Mar. 16, 2010) .......................................5

Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp.,
   212 F. Supp.2d 226 (S.D.N.Y. 2002)......................................................................4

Blum v. Stenson,
   465 U.S. 886, 104 S. Ct. 1541 (1984).....................................................................4

Clark v. First Unum Life Ins. Co.,
   2009 U.S. Dist. LEXIS 36054 (S.D.N.Y. April 28, 2009).......................................5

Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.,
   246 F.3d 142 (2d Cir. 2001) ...................................................................................4

Demonchaux v. United Healthcare Oxford,
   2014 U.S. Dist. LEXIS 43954 (S.D.N.Y. Mar. 27, 2014) .......................................5

Donovan v. CSEA Local Union 1000,
   784 F.2d 98 (2d Cir. 1986).....................................................................................10

Finkel v. Triple A Grp., Inc.,
   708 F. Supp. 2d 277 (E.D.N.Y. 2009) ...................................................................10

Fryar v. City of New York,
   2012 U.S. Dist. LEXIS 190030 (E.D.N.Y. Aug. 22, 2012).....................................9

Gagne v. Maher,
   594 F.2d 336 (2d Cir. 1979)...................................................................................10

La Barbera v. J.D. Collyer Equip. Corp.,
   337 F.3d 132 (2d Cir. 2003)....................................................................................8

Microban Prods. Co. v. API Indus.,
  2014 U.S. Dist. LEXIS 92704 (S.D.N.Y. July 7, 2014) ..............................................6

Millea v. Metro-North R.R. Co.,
  658 F.3d 154 (2d Cir. 2011) ....................................................................................3, 8

N.Y.C. Dist. Council of Carpenters Pension Fund v. Quantum Constr.,
  2008 U.S. Dist. LEXIS 99179 (S.D.N.Y. Dec. 9, 2008) ..........................................6

N.Y.C. Dist. Council of Carpenters Welfare Fund v. Quantum Constr.,
  2008 U.S. Dist. LEXIS 124690 (S.D.N.Y. Sept. 4, 2008) ........................................5

N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.,
  657 F. Supp.2d 410 (S.D.N.Y. 2009) ....................................................................4, 5

N.Y. State Teamsters Conference Pension & Ret. Fund v. Boening Bros., Inc.,
  92 F.3d 127 (2d Cir. 1996) ........................................................................................3

Perdue v. Kenny A. ex rel. Winn,
  559 U.S. 542, 130 S. Ct. 1662 (2010) ....................................................................3, 8

Reed v. A.W. Lawrence & Co.,
  95 F.3d 1170 (2d Cir. 1996) ................................................................................. 9-10

Reiter v. MTA N.Y.C. Transit Auth.,
  457 F.3d 224 (2d Cir. 2006) ......................................................................................6

SEC v. Yorkville Advisors, LLC,
  2015 U.S. Dist. LEXIS 24578 (S.D.N.Y. Feb. 27, 2015) .........................................4

Sheehan v. Metro. Life Ins. Co.,
  450 F. Supp.2d 321 (S.D.N.Y. 2006) ........................................................................6

Taaffe v. Life Ins. Co.,
  769 F. Supp.2d 530 (S.D.N.Y. 2011) ........................................................................5

Trichilo v. Sec'y of Health & Human Servs.,
  823 F.2d 702 (2d Cir. 1987) ....................................................................................10

Triumph Constr. Corp. v. N.Y.C. Council of Carpenters Pension Fund,
  2014 U.S. Dist. LEXIS 169505 (S.D.N.Y. Dec. 8, 2014) .....................................5, 8

Underdog Trucking, L.L.C. v. Verizon Servs. Corp.,
  276 F.R.D. 105 (S.D.N.Y. 2011) ..............................................................................6

Weyant v. Okst,
198 F.3d 311 (2d Cir. 1999)........................................................................................9

**Statutes and Other Authorities**

Employee Retirement Income Security Act, 29 U.S.C. § 1132(g) .......................................1, 3, 10

Employee Retirement Income Security Act, 29 U.S.C. § 1145....................................................1, 3

Defendants Boards of Directors of the Motion Picture Industry Pension Plan, Motion Picture Industry Individual Account Plan, and Motion Picture Industry Health Plan (collectively, "Defendants" or the "Plans") submit this memorandum of law in support of their application for attorneys' fees and costs in this matter, and to provide a current damages analysis, as directed by the Court in its March 5, 2015 Opinion and Order in this action.

## PRELIMINARY STATEMENT

Actions to collect contributions due to employee benefit plans are typically straightforward matters governed by clear legal parameters, with limited facts.  This is not such a case.  Here, Plaintiff Pig Newton, Inc. ("Plaintiff" or "Pig Newton"), a contributing employer to the Plans, sought to avoid its contribution obligations by invalidating important, decades-old Plan provisions affecting over one hundred current employers nationwide.  Given the potential scope of the effects of Plaintiff's attack on the Plans' "Controlling Employee" provisions, the stakes for the Plans in this litigation were high.  Moreover, the complex and novel issues raised in the litigation required a higher than ordinary degree of time and expertise.

Ultimately, Plaintiff's attack on the Plans' provisions was unsuccessful and the Court determined that Pig Newton owes the contributions sought by the Plans for Pig Newton's Controlling Employee.  Accordingly, pursuant to ERISA Sections 515 and 412, 29 U.S.C. § 1145 and 29 U.S.C. § 1132(g)(2)(D), the Plans are entitled to reasonable attorneys' fees and costs.  The Plans respectfully request that the Court grant the Plans' application for attorneys' fees and costs because the fees sought are reasonable fees that were actually paid by the Plans under the Plans' billing arrangement with their counsel (with the exception of 2015 fees, which

1

are yet to be billed), and are consistent with rates awarded in this district in comparable matters. In addition, the costs sought are reasonable costs associated with litigating this case.


## BACKGROUND

In response to the Plans' demand for contributions owing for its Controlling Employee (owner and sole shareholder Louis Szekely), Pig Newton filed a declaratory judgment action seeking to invalidate certain longstanding Plan provisions pertaining to Controlling Employees. (See Opinion and Order at 1.)  The Plans counterclaimed for the contributions, plus interest, liquidated damages, and attorneys' fees and costs.  (See id.)


Following extensive discovery and cross-motions for summary judgment, the Court denied Pig Newton's motion for summary judgment seeking a ruling pursuant to the Declaratory Judgment Act declaring the Controlling Employee provisions invalid and unenforceable, and granted the Plans' cross-motion for summary judgment and amended counterclaim.  (See Opinion and Order at 35.)  The Court's March 5, 2015 Opinion and Order directed the Plans to submit documentation in support of attorneys' fees and costs.  (See id.)  Accordingly, attorney time records and receipts for litigation costs incurred are submitted with the accompanying Declaration of Franklin K. Moss. An updated statement of damages through March 21, 2015 is submitted with the accompanying Declaration of Shanda Zuniga.

<u>ARGUMENT</u>

I.   <u>THE PLANS' APPLICATION FOR ATTORNEYS' FEES AND COSTS SHOULD
     BE GRANTED IN ITS ENTIRETY</u>

As noted by the Court, "[i]n cases in which a fiduciary brings suit to enforce Section 515
[29 U.S.C. § 1145] and judgment is entered in the fiduciary's favor, the benefit plan is entitled
by statute to the unpaid contributions, interest, additional interest, and reasonable attorneys' fees
and costs."  (Opinion and Order at 34 (citing 29 U.S.C. § 1132(g)(2)(D))).  Thus, "[a]s is
apparent from the statutory text, an award of attorney fees and costs is . . . mandatory under
subsection (2) of section 1132(g)."  <u>N.Y. State Teamsters Conference Pension & Ret. Fund v.
Boening Bros., Inc.</u>, 92 F.3d 127, 135 (2d Cir. 1996).


"Both [the Second Circuit] and the Supreme Court have held that the lodestar— the product
of a reasonable hourly rate and the reasonable number of hours required by the case — creates a
'presumptively reasonable fee.'"  <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011)
(quoting <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 522 F.3d 182, 183
(2d Cir. 2008)*, and citing <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 552-53, 130 S. Ct. 1662
(2010)).


A.  <u>The Hourly Rates Billed by the Plans' Attorneys Are Reasonable</u>

The rates sought in this matter—blended rates of $420 per hour for work in 2013, $435
for work in 2014, and $450 for work in 2015 (Moss Decl. ¶ 6)—are reasonable.  Such rates are

consistent with the actual billing arrangement between the Plans and their counsel[1], and are consistent with (or, indeed, lower than) prevailing local rates in complex ERISA cases.[2]

A "reasonable hourly rate" is the "rate a paying client would be willing to pay."  Arbor Hills, 522 F.3d at 190.  It is "a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'"  N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F. Supp.2d 410, 424 (S.D.N.Y. 2009) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541 (1984)).

"The actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable fee' to be awarded."  Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc., 246 F.3d 142, 151 (2d Cir. 2001).  "As numerous courts have recognized, negotiations and payment of fees by sophisticated clients are solid evidence of their reasonableness in the market."  Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp., 212 F. Supp.2d 226, 230 (S.D.N.Y. 2002).  See also SEC v. Yorkville Advisors, LLC, 2015 U.S. Dist. LEXIS 24578, at *46 (S.D.N.Y. Feb. 27, 2015) (stating "the actual fee arrangement between a party and its counsel is relevant evidence of what constitutes a 'reasonable fee'").  Here, except as to 2015 time, which has not yet been billed, counsel for the Plans billed—and the Plans paid--at the customary rates under the billing arrangement with the Plans' law firms.  (See Moss Decl. ¶¶ 15.)

---

[1] The 2015 rate of $450 per hour has not yet been approved by the Plans' Boards of Directors, but will be considered by the Directors prior to the filing of the reply brief in this action.  (Moss Decl. ¶ 6.)

[2] The two primary attorneys on this case, Franklin K. Moss and Gillian Costello, have thirty-four and eighteen years' experience, respectively, in labor and Taft-Hartley employee benefits law. (See Moss Decl. ¶¶ 3-4.)

Spivak Lipton, along with three other law firms, serves as regular co-counsel to the Plans. (Moss Decl. ¶ 6.)  In 2013, the Plans paid regular co-counsel fees at the blended contractual rate for all attorneys of $420 per hour.  (Id.)  In 2014, the rate was $435 per hour.  (Id.)  "That the fees requested equal the amount actually billed to [the Plans] is a strong indicator that those fees are reasonable." Triumph Constr. Corp. v. N.Y.C. Council of Carpenters Pension Fund, 2014 U.S. Dist. LEXIS 169505, at *13 (S.D.N.Y. Dec. 8, 2014).

In addition, courts in this District have approved similar or higher rates in ERISA cases for attorneys with comparable or less experience than that of the Plans' attorneys in this case. See, e.g., Demonchaux v. United Healthcare Oxford, 2014 U.S. Dist. LEXIS 43954, at *19 (S.D.N.Y. Mar. 27, 2014) (approving hourly rates of $600 for partners and $500 for experienced senior associates in ERISA benefits case); Taaffe v. Life Ins. Co., 769 F. Supp.2d 530, 542-43 (S.D.N.Y. 2011) (approving rate of $560 per hour for experienced attorney in ERISA case); Barnes v. Am. Int'l Life Assurance Co., 2010 U.S. Dist. LEXIS 27606, at *6-8 (S.D.N.Y. Mar. 16, 2010) (approving rate of $495 for experienced partner in ERISA case); Clark v. First Unum Life Ins. Co., 2009 U.S. Dist. LEXIS 36054, at *9-10 (S.D.N.Y. April 28, 2009) (stating that rate of $480 per hour for ERISA attorney with 24 years of experience was "commensurate with market rates"); Alfano v. CIGNA Life Ins. Co. of N.Y., 2009 U.S. Dist. LEXIS 28118, at *8-10 (S.D.N.Y. April 2, 2009) (in ERISA long-term disability benefits case, applying hourly rate of $450 for experienced attorney); Arnone v. CA, Inc., 2009 U.S. Dist. LEXIS 17080, at *10 (S.D.N.Y. Mar. 6, 2009) (approving hourly rates of $450 and $425 for experienced attorneys in ERISA case); Perimeter Interiors, Inc., 657 F. Supp.2d at 424 (approving rates of $425 per hour for partners in an ERISA case); N.Y.C. Dist. Council of Carpenters Welfare Fund v. Quantum Constr., 2008 U.S. Dist LEXIS 124690, at *23-24 (S.D.N.Y. Sept. 4, 2008) (awarding $425 per hour for

partner time in entry of a default judgment in ERISA collection action), <u>adopted in relevant part sub nom.</u> <u>N.Y.C. Dist. Council of Carpenters Pension Fund v. Quantum Constr.</u>, 2008 U.S. Dist. LEXIS 99179 (S.D.N.Y. Dec. 9, 2008); <u>Sheehan v. Metro. Life Ins. Co.</u>, 450 F. Supp.2d 321, 328 (S.D.N.Y. 2006) (in ERISA long-term disability benefits case, applying hourly rate of $425 for experienced attorney).

In some of the cases above, equivalent or higher rates than those sought here were awarded five or more years ago.  In determining what is reasonable, "hourly rates should be 'current rather than historic.'"  <u>Underdog Trucking, L.L.C. v. Verizon Servs. Corp.</u>, 276 F.R.D. 105, 108 (S.D.N.Y. 2011) (quoting <u>Reiter v. MTA N.Y.C. Transit Auth.</u>, 457 F.3d 224, 232 (2d Cir. 2006)).  One can reasonably expect that higher rates would be approved today for the work in the above-cited cases.  <u>Cf.</u> <u>Microban Prods. Co. v. API Indus.</u>, 2014 U.S. Dist. LEXIS 92704, at *7 (S.D.N.Y. July 7, 2014) (in copyright case, noting rates approved several years ago by other courts in the district, and stating "in general, fees and expenses have risen in the interim") (internal quotation marks and citation omitted).

In addition, the fees charged here are less than those charged by Spivak Lipton for similar clients.  The Plans in aggregate have approximately $8 billion in assets and are the largest plans the firm represents.  (Moss Decl. ¶ 7.)  Spivak Lipton serves as co-counsel to three other groups of plans with assets of $1 billion or more.  (<u>Id.</u>)  For each of those clients, the hourly rates between 2013 and 2015 for partners with the experience of Mr. Moss and Ms. Costello have been between $500 and $615 per hour.  (<u>Id.</u>)  Hence, because this action was staffed primarily by two senior partners, and the Plans use a blended rate for associates and all partners, the fees to

the Plans in this case were significantly less than they would have been with other similar plans that do not use a blended rate.  (Id.)

Furthermore, the hourly rates in this case are at the low end for representation of large and complex employee benefit plans.  (See Moss Decl. ¶ 8.)  For example, Spivak Lipton's co-counsel on the three other large Taft-Hartley plan groups the firm represents is the firm of Proskauer Rose LLP.  (Id.)  Proskauer's regular hourly rates for partners with experience and credentials similar or inferior to Spivak Lipton's range from the $700s to over $900 per hour. (Id.)  Similarly, Mitchell Silberberg, one of the firms that is co-counsel with Spivak Lipton on the Plans, has reported that its regular rate for the partners servicing the Plans exceeds $650 per hour.  (Id.)

B.  The Hours Are Reasonable

While the amount of money directly at stake in this action was not large, the issues raised were of monumental significance to the Plans.  (Moss Decl. ¶ 2.)  The Plaintiff – Counterclaim Defendant's attack on the Plans' "Controlling Employee" rules would, if successful, have invalidated Plan rules affecting over one hundred current "Controlled Employers."  (Id.)  While, as the Court has recognized, there is no evidence that Pig Newton intended to defraud or manipulate the Plans, the Plans have long experience with less scrupulous Controlling Employees who have in the past sought to utilize their control over their reported hours either to obtain health or pension benefits or alternatively, to avoid paying contributions on their hours worked.  (Id.)

Although this action was resolved on cross-motions for summary judgment, it demanded far more attorney time and sophistication than a typical ERISA collection action.  (See Moss Decl. ¶ 9.)  Pig Newton raised novel and important questions concerning the scope and meaning of the Second Circuit decision in La Barbera v. J.D. Collyer Equipment Corp., 337 F.3d 132 (2d Cir. 2003).  (Id.)  In addition, the Employer questioned the Plan Directors' interpretations of various Trust provisions as well as interpretations of the applicable collective bargaining agreements.  (Id.; see, e.g., Opinion and Order at 24-34.)  While there was only one deposition, written discovery was extensive, with Pig Newton's document requests requiring extensive research into Plan records going back to the 1970s. (Moss Decl. ¶ 9)[3]  This involved reviewing and analyzing many thousands of pages of Plan records pertaining to Controlled Employers.  (Id.)  Review of Plaintiff's document responses likewise involved reviewing and analyzing hundreds of pages of Plaintiff's pay records.  (Id.)

Additionally, this Court may also take into consideration the "novelty and complexity" of a case in determining the reasonableness of the number of hours expended by counsel.  See Perdue, 130 S.Ct. at 1673; Millea, 658 F.3d at 167.  This case was "complex, in that it involved multifaceted contractual relationships, factual and legal disputes regarding the applicability of various provisions, and hard-fought…motion practice by the parties."  See Triumph Constr. Corp., 2014 U.S. Dist. LEXIS 169505, at *14.

---

[3] In addition, the Plans filed an Amended Counterclaim, after it was discovered in the course of the Controlling Employee's deposition that, contrary to the allegations in Plaintiff's Complaint, he had performed bargaining unit work in Season One of the television series "Louie."  (See Moss Decl. ¶ 9.)

As set forth in the Declaration of Franklin Moss, for this litigation (excluding insurance-related time), Spivak Lipton received $4,830 in hourly fees from the Plan in 2013, and $203,841 in 2014. 2015 time of 18.9 hours through April 3 has not yet been billed, and will be billed either at $435 or $450 per hour for New York admitted attorneys depending upon action of the Plan Directors later this month. A newly hired lawyer who is a member of the Kansas and Maryland bars, but not the New York bar, will be billed at $125 per hour. Based on the $450 rate for New York attorneys and the $125 rate for the newly hired lawyer, the Plans will be billed a total of $7225 (excluding one tenth of an hour for insurance-related time).

While counsel believes the full amount of billed and to be billed fees to be reasonable, Mr. Moss in his Declaration states that in reviewing his time sheets, he noticed some activities (in particular, preparation of the Answer and Counterclaim) on which more than the expected time was devoted, and other entries that might be challenged on other grounds. Accordingly, the Plans suggest that this Court award the Plans only 95% of the attorneys' fees (excluding insurance-related fees) paid and to be paid by them to Spivak Lipton in this matter. Through April 3, 2015, the full fee request would be $215,896. After deducting 5%, the figure is $205,101.20.

C.  The Plans Are Entitled to Fees in Connection with the Fee Request

Finally, insofar as "it is undisputed that a prevailing party may recover for time expended in connection with a fee request," Fryar v. City of New York, 2012 U.S. Dist. LEXIS 190030, at *17 (E.D.N.Y. Aug. 22, 2012), the Plans' application includes fees for time expended in connection with the instant request.  See also Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999) (awarding fees for preparation of fee application); Reed v. A.W. Lawrence & Co., 95 F.3d 1170,

9

1183–84 (2d Cir. 1996) ("[A]ttorneys' fees for the preparation of the fee application are compensable . . . ."); <u>Trichilo v. Sec'y of Health & Human Servs.</u>, 823 F.2d 702, 708 (2d Cir. 1987) (awarding fees for preparation of fee application); <u>Donovan v. CSEA Local Union 1000</u>, 784 F.2d 98, 106 (2d Cir. 1986) ("The fee application is a necessary part of the award of attorney's fees.  If the original award is warranted, we think that a reasonable amount should be granted for time spent in applying for the award."); <u>Gagne v. Maher</u>, 594 F.2d 336, 344 (2d Cir. 1979) (awarding fees for preparation of fee application).

    D.  <u>The Plans' Costs Are Reasonable</u>

The Plans may recover costs expended in this case.  <u>See</u> 29 U.S.C. § 1132(g)(2)(D).  The Plans seek $1242.73 of its costs incurred in connection with this litigation, for United Parcel Service charges in the amount of $34.96, $35.41 for a messenger, and court reporting fees in the total amount of $1172.36.  (See Moss Decl. ¶ 16.)  <u>See</u> <u>Finkel v. Triple A Grp., Inc.</u>, 708 F. Supp.2d 277, 290-91 (E.D.N.Y. 2009) (awarding costs associated with, among other things, postage, and photocopying). Certain expenses that were billed to the clients, such as secretarial overtime and Westlaw charges, have been excluded.

    II.  <u>THE PLANS ARE ENTITLED TO DAMAGES OF $147,221.50 THROUGH MARCH 21, 2015</u>

Pig Newton has not disputed the Plans' computations of damages. As set forth in the Declaration of Shanda Zuniga, as of March 21, 2015, Pig Newton owes the Plans  $93,507.38 in delinquent contributions, audit fees of $2,070.00, interest of $25,822.06 and liquidated damages of $25,822.06, for a total of $147,221.50.

<u>CONCLUSION</u>

For the foregoing reasons, the Plans respectfully request that the Court grant their motion for damages of $147,221.50 through March 21, 2015, and for fees and costs, with fees through April 3, 2015 of $205,101.20 and costs of $1242.73, for a total of $206,343.93 in fees and costs through that date.

Dated:  April 9, 2015

                    By:_____/s/_____
                        Franklin K. Moss
                        Gillian Costello
                        SPIVAK LIPTON LLP
                        1700 Broadway, 21st Floor
                        New York, NY 10019
                        Phone: (212) 765-2100
                        fmoss@spivaklipton.com
                        gcostello@spivaklipton.com
                        *Attorneys for Defendants*

11